## S. E. Sostmann Co. v. Kauffman et al.

*Milford J. Myers*, for plaintiff.
*Abraham L. Hodes*, for defendants.
*Arthur A. Miller*, for garnishee.

BONNIWELL, J., January 13, 1944.—Plaintiff procured judgment in assumpsit against defendant before Magistrate Charles Medway, Court No. 7. Plaintiff caused an attachment execution to be issued and served

on the garnishee, who answered that there was in its possession $45.29 belonging to defendant. Judgment was rendered against the garnishee for that amount.

The transcript from the docket of the magistrate shows that the garnishee was served with the writ of attachment and the interrogatories, but does not show any service or notice thereof to defendant.

Defendant then brought the record of the magistrate before us by certiorari, for the reason that defendant was not served with a copy of the writ of attachment execution, and, in consequence, the service of the writ of attachment execution and the judgment against the garnishee are void and should be stricken off.

There is a general statutory provision in regard to the manner of the service of an attachment execution making it the duty of the officer charged with its execution to serve a copy thereof upon the defendant in such judgment: Act of June 16, 1836, P. L. 755, sec. 36.

While the Act of April 15, 1845, P. L. 459, extending the jurisdiction of magistrates to cases of attachment execution, does not specifically provide for service of the writ upon defendant, it does provide that the practice shall be in conformity with that in the courts of common pleas under the Act of June 16, 1836, P. L. 755, which required service on the defendant, and section 6 of the Act of 1845 further indicates an intention to provide for service on defendant by giving him a right to appeal from the judgment of the magistrate. Therefore, any judgment entered by a magistrate in attachment execution proceedings is void unless the defendant was served with a copy of the writ, and will be set aside on certiorari if that fact does not appear on the record: Sprowls v. Ealy et al., 24 D. & C. 377, 383, 384.

The exceptions to the service of the writ of attachment execution, and as to any judgment or subsequent proceedings thereon, are sustained, and the proceed-

ings subsequent to the issuance of the writ of attachment execution are set aside.

The exceptions to so much of the record as refers to the judgment entered by the magistrate in favor of plaintiff and against defendant herein, on September 3, 1943, in the sum of $56.76, interest, and costs $4, are hereby overruled.